ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL IV¹**

| | | |
|---|---|---|
| **JUNER RENTAL EQUIPMENT** <br> RECURRENTE(S) <br><br><br> V. <br><br><br> **MUNICIPIO AUTÓNOMO DE TOA ALTA** <br> RECURRIDA(S) <br><br> **LC GROUP LLC** <br> LICITADOR AGRACIADO | **TA2025RA00007** | *REVISIÓN DE DECISIÓN ADMINISTRATIVA* procedente de la Junta de Subastas del **MUNICIPIO AUTÓNOMO DE TOA ALTA** <br><br> Caso Núm. **26-035** <br><br> Sobre: Aviso de Adjudicación de Subasta |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y el Juez Sánchez Báez.

### S E N T E N C I A

En San Juan, Puerto Rico, hoy día 14 de julio de 2025.

Comparece ante este Tribunal de Apelaciones, **JUNER RENTAL EQUIPMENT** (**JUNER RENTAL**) mediante *Solicitud de Revisión Judicial* interpuesta el 19 de junio de 2025. En su recurso, nos solicita que revisemos la *Resolución (Aviso de Adjudicación de Subasta)* emitida el 30 de mayo de 2025, por la **JUNTA DE SUBASTAS DEL MUNICIPIO AUTÓNOMO DE TOA ALTA** (**JUNTA DE SUBASTAS**).² Mediante la aludida determinación, la **JUNTA DE SUBASTAS** adjudicó la *buena pro* de la Subasta 26-035 sobre *Servicio Continuo de Renta Equipo Pesado y Suministro de Material para el Vertedero Municipal de Toa Alta* a favor de **LC GROUP, LLC** (**LC GROUP**).

Exponemos el trasfondo fáctico y procesal que acompaña la presente controversia.

---

¹ Véase *Orden Administrativa DJ 2024-062C* de 6 de mayo de 2025 sobre *Designación de Paneles en el Tribunal de Apelaciones*.

² El 2 de junio de 2025, se notificó y archivó en autos, así como remitió por correo certificado con acuse de recibo, esta determinación administrativa.

## - I -

El 17 de marzo de 2025, el **Municipio Autónomo de Toa Alta** (**Municipio de Toa Alta**) publicó un aviso de subasta general para el *Servicio Continuo de Renta Equipo Pesado y Suministro de Material para el Vertedero Municipal de Toa Alta*. En dicha publicación, se interpelaban cotizaciones con los precios mensuales para el arrendamiento o alquiler de una "excavadora 320 o similar con Grapper hidráulico", de otro equipo tipo "450J de pala o similar" (bulldozer) y el suministro de material tipo "A-2-4".

La apertura de la subasta fue el 9 de abril de 2025, y acudieron dos (2) compañías licitadoras: **LC Group** y **Juner Rental**. Recibidas las ofertas, el 24 de abril de 2025, se celebró una reunión en la cual la **Junta de Subastas** evaluó las cotizaciones y determinó adjudicar la *Buena Pro* de la subasta a favor de **LC Group**, tras determinar que dicha compañía, además de haber cumplido con los requisitos de la subasta, presentó una oferta para ocho (8) de los doce (12) renglones solicitados.

El 30 de mayo de 2025, la **Junta de Subastas** suscribió su *Resolución (Aviso de Adjudicación de Subasta)*.[3] En la misma, afirmó haberse reunido para evaluar las propuestas sometidas y adjudicado todos los renglones de la subasta a favor de **LC Group**, "tomando en cuenta su buen historial y capacidad de cumplimiento", y en "el mejor interés público ya que es la de mayor costo-eficiencia para el Municipio de Toa Alta tomando en consideración los criterios de evaluación como criterios definitivos por sí solos". Esta misiva fue depositada en el servicio postal el 2 de junio de 2025.[4]

Inconforme con esta adjudicación, el 19 de junio de 2025, **Juner Rental** acudió ante este foro intermedio revisor mediante una *Solicitud de Revisión Judicial* e imputa el(los) siguiente(s) errores:

> Err[ó] la Junta de Subastas del Municipio de Toa Alta al aplicar criterios subjetivos para evaluar las ofertas recibidas en respuesta a la subasta lo que viola el principio de libre competencia en

---

[3] Apéndice Núm. 1 de la Entrada Núm. 1 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[4] Apéndice Núm. 2 de la Entrada Núm. 1 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[igualdad] de condiciones entre todos los participantes del proceso.

Junto a su recurso, **JUNER RENTAL** presentó una *Moción en Au[x]ilio de Jurisdicción y Solicitud de Paralización de los Procedimientos de Compra*.[5] Argumentó que la formalización del contrato con el licitador agraciado, **LC GROUP**, le produciría daños irreparables, por lo que correspondía la paralización de todos los procedimientos administrativos conducentes a la otorgación de los contratos bajo la *Subasta 26-035*.

El 20 de junio de 2025, pronunciamos *Resolución* en la cual concedimos un plazo perentorio hasta el 24 de junio de 2025 para exponer su posición sobre la solicitud de auxilio de jurisdicción; así como un término de quince (15) días para presentar su alegato en oposición al **MUNICIPIO AUTÓNOMO DE TOA ALTA**.[6]

El día 24 de junio de 2025, el **MUNICIPIO AUTÓNOMO DE TOA ALTA** presentó su *Moción en Cumplimiento de Orden y Solicitud de Desestimación por Falta de Jurisdicción*.[7] En síntesis, enunció que, luego de evaluar el recurso de revisión presentado por **JUNER RENTAL** y el servicio objeto de la subasta; así como las ofertas recibidas, concluyeron que debían cancelar la adjudicación de la subasta para reevaluar todos los servicios que actualmente necesitan para la operación del vertedero del **MUNICIPIO AUTÓNOMO DE TOA ALTA**.

El 26 de junio de 2025, **JUNER RENTAL** compareció mediante *Moción en Oposición a la "Moción en Cumplimiento de Orden y Solicitud de Desestimación" e Impugnación de la Resolución de Cancelación de Adjudicación*. Alegó que la cancelación de la adjudicación carecía de una justificación válida para "beneficiar al interés público" y ello favorecía a **LC GROUP**.

---

[5] Entrada núm. 2 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[6] Entrada núm. 4 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[7] Entrada núm. 5 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA). Junto a su moción, acompañó la *Notificación de Cancelación de Adjudicación* fechada 23 de junio de 2025.

## - II -

### - A - *Jurisdicción*

La *jurisdicción* es el poder o autoridad que tiene un tribunal para considerar y decidir los casos y controversias.[8] En consecuencia, la falta de *jurisdicción* de un tribunal incide directamente sobre su poder para adjudicar una controversia.[9] Es por ello, que los tribunales deben ser celosos guardianes de su *jurisdicción* dado que los asuntos relacionados con esta son privilegiados y deben atenderse con prioridad.[10]

Aun en ausencia de un señalamiento por alguna de las partes, la falta de *jurisdicción* puede ser considerada *motu proprio* por los tribunales. Por tratarse de una cuestión de umbral en todo procedimiento judicial, si un tribunal determina que carece de *jurisdicción* solo resta así declararlo y desestimar la reclamación inmediatamente, sin entrar en los méritos de la controversia, conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento del recurso en cuestión.[11]

La ausencia de *jurisdicción*, por tanto, acarrea las siguientes consecuencias: priva a un foro judicial del poder necesario para adjudicar una controversia; los tribunales no poseen discreción para asumirla cuando no la tienen; no es susceptible de ser subsanada; las partes no pueden conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; conlleva la nulidad de los dictámenes emitidos; se impone a los tribunales el ineludible deber de auscultar su propia *jurisdicción* —y a los tribunales apelativos la obligación de examinar la *jurisdicción* del foro de donde procede el recurso—; las cuestiones jurisdiccionales deben ser resueltas con preferencia sobre otros asuntos, y su alegación puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal

---

[8] *Municipio de Aguada v. W. Construction, LLC y otro,* 2024 TSPR 69; *FCPR v. ELA et al.,* 211 DPR 521 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384, 394 (2022).
[9] *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 385 (2020).
[10] *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 267- 268 (2018).
[11] *FCPR v. ELA et al., supra; Cobra Acquisitions v. Mun. Yabucoa et al., supra; Allied Mgmt. Group v. Oriental Bank, supra,* págs. 386- 387; *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 501 (2019).

*motu proprio*.[12]

Un recurso presentado antes del tiempo correspondiente (prematuro), al igual que el presentado luego del plazo aplicable (tardío), *"adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre"*.[13] En ambos casos, su presentación carece de eficacia y no produce ningún efecto jurídico.[14]

La doctrina jurídica de *justiciabilidad* limita la intervención de los tribunales a aquellos casos en que exista una controversia genuina surgida entre partes opuestas que tengan un interés real en obtener un remedio.[15] Este principio constituye una autolimitación al ejercicio del Poder Judicial de arraigo constitucional y persigue el fin de evitar que se obtenga un fallo sobre una controversia inexistente, una determinación de un derecho antes de que el mismo sea reclamado o una sentencia en referencia a un asunto que, al momento de ser emitida, no tendría efectos prácticos sobre la cuestión sometida.[16] No se consideran controversias justiciables aquellas en que: 1) se procura resolver una cuestión política; 2) una de las partes carece de legitimación activa; 3) hechos posteriores al comienzo del pleito han tornado la controversia en académica; 4) las partes están tratando de obtener una opinión consultiva, o; (5) se intenta promover un pleito que no está maduro.[17] Así pues, el ejercicio válido del poder judicial sólo se justifica si media la existencia de una controversia real y sustancial.[18]

La *academicidad* es una manifestación de la doctrina de *justiciabilidad*. Un caso es *académico* cuando se trata de obtener un fallo sobre una controversia disfrazada, que en realidad no existe, o una determinación de un derecho antes de que este haya sido reclamado o una sentencia sobre un

---

[12] *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, *supra*, pág. 395; *Allied Mgmt. Group v. Oriental Bank*, *supra*, págs. 386- 387; *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101- 102 (2020).
[13] *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 269 (2018); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007).
[14] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *S.L.G. Szendrey-Ramos v. F. Castillo*, *supra*.
[15] *Ramos, Méndez v. García García*, 203 DPR 379, 393-394 (2019).
[16] *San Gerónimo Caribe Proyect v. ARPE*, 174 DPR 640 (2008).
[17] *Íd.*
[18] *Ortiz v. Panel FEI*, 155 DPR 219 (2001).

asunto que, al dictarse, por alguna razón, no tendrá efectos prácticos sobre una controversia existente.[19] Como regla general, un caso es *académico* "cuando ocurren cambios durante el trámite judicial de una controversia particular que hacen que ésta pierda su actualidad, de modo que el remedio que pueda dictar el tribunal no ha de llegar a tener efecto real alguno en cuanto a esa controversia".[20]

La Regla 83 (C) del Reglamento del Tribunal de Apelaciones faculta a este Tribunal para que, a iniciativa propia, desestime un recurso de apelación o deniegue un auto discrecional por cualquiera de los motivos consignados en el inciso (B).[21] "Una vez un tribunal determina que no tiene *jurisdicción*, "procede la inmediata desestimación del recurso apelativo conforme lo ordenado por las leyes y los reglamentos para el perfeccionamiento de estos recursos".[22] Ello sin entrar en los méritos de la controversia ante sí.

- III -

Justipreciado el expediente ante nuestra consideración, avistamos que el 30 de mayo de 2025, la JUNTA DE SUBASTAS expidió su *Resolución (Aviso de Adjudicación de Subasta)*. Posteriormente, el día 23 de junio de 2025, la JUNTA DE SUBASTAS refrendó una *Notificación de Cancelación de Adjudicación* en la cual adujo que "en protección de los mejores intereses públicos y al amparo de la reserva de su derecho [a] su vez luego de un análisis minucioso del expediente" determinaba y notificaba la ***Cancelación de la Adjudicación de la Subasta 26-035 "Servicio Continuo de Renta de Equipo y Suministro de Material para el Vertedero Municipal de Toa Alta"***.

---

[19] *Amador Roberts et als. v. ELA*, 191 DPR 268, 282 (2014).

[20] *Bhatia Gautier v. Gobernador*, 199 DPR 59 (2017).

[21] La Regla 83 (C) del Reglamento del Tribunal de Apelaciones faculta a este Tribunal para que, a iniciativa propia, desestime un recurso de apelación o deniegue un auto discrecional por cualquiera de los motivos consignados en el inciso (B). Dicho inciso lee: *"(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: (1) que el Tribunal de Apelaciones carece de jurisdicción; (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello; (3) que no se ha presentado o proseguido con diligencia o de buena fe; (4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos; o (5) que el recurso se ha convertido en académico"*. Véase la Regla 83 del *Reglamento del Tribunal de Apelaciones*, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. __, 215 DPR __ (2025).

[22] *Allied Mgmt. Group v. Oriental Bank, supra*, pág. 385.

Ante el hecho de que se ha cancelado la adjudicación de la *buena pro* de la subasta, se han quedado sin efecto los señalamientos o fallos recurridos ante nuestra consideración; por lo que colegimos que se ha tornado *académica* la *Solicitud de Revisión Judicial* ello aun cuando el(los) error(es) pudo(pudieron) haber sido justiciable(s) en un inicio. En consecuencia, los hechos medulares han cambiado; y hay una ausencia de controversia genuina entre las partes; por ende, carecemos de *jurisdicción* para atender este recurso.[23]

---

[23] Cabe señalar que hemos revisado el *Reglamento para Establecer las Normas y Procedimientos y Administración de las Subastas Públicas y las Solicitudes de Propuestas en el Municipio de Toa Alta* (Ordenanza Núm. 42 del Municipio de Toa Alta) de 17 de abril de 2013, y en su **Artículo IX – Subasta Pública**, en relación a la *Cancelación de Subastas y a la Cancelación de Adjudicación de Subasta*, dispone:

Sección 9, inciso 8 – **Cancelación de la Subasta**
a.  Se podrá cancelar o dejar sin efecto la subasta y rechazar las proposiciones recibidas para una subasta, antes o después de celebrada la misma, siempre y cuando el Municipio fundamente razonablemente su petición y lo notifique por escrito a todos los licitadores o personas interesadas. Deberá devolver las fianzas prestadas.
[...]
Sección 12 – **Cancelación de la Adjudicación**
a.  La Junta podrá cancelar la adjudicación de la formalización del contrato o de emitida orden de compra bajo las siguientes circunstancias:
   1.  Si el Municipio ya no tiene la necesidad que originó la subasta.
   2.  Cuando por alguna causa inesperada e imprevisible, se agoten los fondos asignados para la transacción o se van a utilizar para otro propósito.
   3.  **Por otras razones que beneficien el interés público**.
b.  Estas determinaciones serán notificadas por escrito y por correo certificado con acuse de recibo, a las partes involucradas y las fianzas prestadas serán devueltas.

De igual manera, hemos cotejado el Reglamento Núm. 8873 de 19 de diciembre de 2016, conocido como el *Reglamento para la Administración Municipal de 2016*, de la Oficina del Comisionado de Asuntos Municipales, y en la **Parte II – Subasta Pública Municipal** lee de la siguiente manera:

Sección 14 – **Cancelación de Adjudicación**
La Junta podrá cancelar la adjudicación antes de la formalización del contrato o de emitida la orden de compra. Sin que se entienda como una limitación, se podrá cancelar la adjudicación bajo las siguientes circunstancias:
   1.  Si el municipio ya no tiene la necesidad que originó la subasta;
   2.  Cuando por alguna causa inesperada e imprevisible, se agoten los fondos asignados para la transacción o deban utilizarse para otro propósito;
   3.  **Por otras razones que beneficien el interés público**.
Esta determinación será notificada por escrito y por correo certificado con acuse de recibo, a las partes involucradas y las fianzas prestadas serán devueltas.

Finalmente, la Ley Núm. 107 de 13 de agosto de 2020, conocido como el *Código Municipal de Puerto Rico* **no** contiene disposición en cuanto a la **Cancelación de una Subasta Pública y/o de una Cancelación de Adjudicación de una Subasta Pública**. Así las cosas, concluimos que los fundamentos esgrimidos por JUNER RENTAL para oponerse a la *Notificación de Cancelación de la Adjudicación* comunicada el 23 de junio de 2025 por la JUNTA DE SUBASTAS, en este caso no son de aplicación, por lo que el MUNICIPIO DE TOA ALTA actuó en conformidad con sus prerrogativas municipales.

## – **IV** –

Por los fundamentos antes expuestos y en conformidad con la Regla 83 (C) del *Reglamento del Tribunal de Apelaciones*, **desestimamos,** por ***academicidad,*** la *Solicitud de Revisión Administrativa* instada el 19 de junio de 2025 por **JUNER RENTAL EQUIPMENT**; declaramos ***no ha lugar*** la solicitud de auxilio de jurisdicción presentada el 19 de junio de 2025 por **JUNER RENTAL EQUIPMENT;** y ordenamos el cierre y archivo del presente caso.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones